UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILDER ARLEY SALDRRIAGA-PALACIO,

v.                                          Case No. 8:04-cr-81-T-17MAP
                                                     8:07-cv-1227-T-17MAP

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. Doc. cv-4; cr-216 (hereinafter "motion" or "motion to vacate"). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied**.

Procedural History

On January 18, 2005, Saldrriaga-Palacio pled guilty, without a plea agreement, to one count of possession with intent to distribute at least five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. §§ 1903(a) and (g) and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to do the same, in violation of 46 U.S.C. app. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii). Docs. cr-27, cr-112, cr-184 (transcript). On February 15, 2005, the Court accepted Saldrriaga-Palacio's guilty plea and adjudicated him guilty. Doc. cr-117.

On June 10, 2005, this Court sentenced Saldrriaga-Palacio to 210 months of imprisonment, to be followed by 60 months of supervised release. Docs. cr-141, cr-185.

Saldrriaga-Palacio directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 05-13444-BB.[1]

On appeal, Saldrriaga-Palacio raised the following issues:

a. The magistrate judge, by disqualifying private counsel at the start of his case, abused its discretion by depriving him of his Sixth Amendment right to "counsel of choice" (Issue 1), and

b. Saldrriaga-Palacio's sentence was unreasonable because he was deprived of his right to counsel of choice due to his personal circumstances, and because "[i]t is clear that there is a sentence disparity . . . [with] his co-defendants" (Issue 2). Attachment A.

On December 12, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the disposition of this case. *United States v. Saldrriaga-Palacio*, 209 Fed.Appx. 950 (11th Cir. 2006) (unpublished). Doc. cr-212 (USCA Decision).

On July 13, 2007, Saldrriaga-Palacio timely filed his original section 2255 motion. Doc. cv-1. However, the Court denied the motion without prejudice and instructed Saldrriaga-Palacio to file an amended motion. Doc. cv-3. Saldrriaga-Palacio complied, and on August 7, 2007, filed his amended section 2255 motion and supporting memorandum of law. Docs. cv-4, cv-5. Saldrriaga-Palacio raises the following claims of ineffective assistance of counsel as his grounds for relief:

a. Counsel failed to secure a written plea agreement with the Government (Petitioner's Ground 1) (Docs. cv-4, p. 4; cv-5, pp. 8-10); and

b. Counsel failed to move the Court to dismiss his indictment for violation of the Speedy Trial Act (Petitioner's Ground 2) (Docs. cv-4, p. 5; Docs. cv-5).

---

Appellate briefs of Saldrriaga-Palacio and the Government are attached as Attachments 1 and 2, respectively. Saldrriaga-Palacio's reply brief is also included as Attachment 3.

Additionally, not mentioned in his motion, but incorporated within his supporting memorandum (Doc. cv-5, pp. 7-10), Saldrriaga-Palacio raises the following claims of ineffective assistance:

> c. Saldrriaga-Palacio's guilty plea was not made knowingly and intelligently because his counsel misinformed Saldrriaga-Palacio as to his potential sentence;
>
> d. Counsel never explained to Saldrriaga-Palacio that he would be held accountable for the total amount of cocaine found aboard the vessel; and
>
> e. Counsel did not object to a sentencing enhancement for a firearm that was never recovered.

COGNIZABILITY OF CHALLENGES TO A GUILTY PLEA

Saldrriaga-Palacio asserts his guilty plea was not made knowingly and voluntarily because his counsel had miscalculated his potential sentence, and also because the Court did not inform him that he was waiving his right to appeal the magistrate judge's order disqualifying his retained counsel. After a conviction based on a guilty plea has become final, a petitioner may challenge only the knowing and voluntary nature of the plea, unless the record demonstrates that the district court lacked the power to enter the conviction or impose the sentence. *United States v. Broce*, 488 U.S. 563 (1989); *United States v. Kaiser*, 893 F.2d 1300 (11th Cir. 1990). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked . . . ." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).

Most errors in Fed. R. Crim. P. 11 plea colloquy will not support collateral relief. *United States v. Timmreck*, 441 U.S. 780 (1979); *Holmes v. United States*, 876 F.2d 1545 (failure to advise of mandatory minimum) (11th Cir. 1989); *Lilly v. United States*, 792 F.2d 1541 (11th Cir. 1986) (failure to advise that if court does not accept recommendation as to

sentence, petitioner will not be entitled to withdraw plea). A defective plea colloquy that would have resulted in vacation of a conviction on direct appeal will not necessarily result in collateral relief; petitioner is confronted with a much higher level of scrutiny on a Section 2255 challenge to a guilty plea. *United States v. Patterson*, 739 F.2d 191, 194-95 (5th Cir. 1984).

Saldrriaga-Palacio is barred from raising a challenge to the factual basis of his plea in a 28 U.S.C. § 2255 motion. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). In the context of a Section 2255 motion, "a defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Id.* This waiver includes constitutional claims. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (preplea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), cert. denied, 498 U.S. 837 (1990). Moreover, guilty pleas foreclose most claims from collateral attack. See United States v. Broce, 488 U.S. 563, 569 (1989); Dermota v. United States, 895 F.2d 1324, 1326 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990).

When Saldrriaga-Palacio entered his guilty plea, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). In this case, the Court found that Saldrriaga-Palacio's guilty plea was made knowingly, intelligently and voluntarily, and that his plea was supported by an independent basis in fact of the essential elements of the offenses. Doc. cr-184, p. 21.

**Miscalculation of Potential Sentence - Ground c**

Saldrriaga-Palacio's claim that his guilty plea was not made knowingly and voluntarily because his counsel had told him his potential sentence was going to be shorter term than the one actually imposed is without merit. Saldrriaga-Palacio claims his counsel promised him he would get no more than a 135-month sentence, and did not inform him that he would be held accountable for the entire amount of drugs on board the vessel or receive an enhancement for a firearm.[2] However, at his guilty plea hearing, the Court informed Saldrriaga-Palacio he faced a minimum sentence of ten years and a maximum sentence of life imprisonment. Doc. cr-184, pp. 9-10. After informing Saldrriaga-Palacio of this, Saldrriaga-Palacio agreed he understood the potential penalties. Doc. cr-184, p. 10. The Court made the following statement regarding Saldrriaga-Palacio's potential sentence:

> Your lawyer may have given you an opinion about what he or she thinks the sentence will be in your case. You may have some expectation. But if the sentence is more severe than what you expected, you will not be able to withdraw your guilty plea[].

Doc. cr-184, p. 13. Saldrriaga-Palacio acknowledged the Court's warning, agreed he understood, and continued with his guilty plea.

**Amount of Cocaine - Ground d**

Saldrriaga-Palacio also asserts his plea was not entered knowingly and voluntarily because his counsel had not informed him that he would be responsible for the entire amount of drugs found aboard the vessel. However, prior to entering his guilty plea, Saldrriaga-Palacio agreed with the essential elements of the charges against him, which

---

Saldrriaga-Palacio's claim that he expected a 135-month sentence indicates that Saldrriaga-Palacio was told that he would be held responsible for over 150 kilograms of cocaine and start at a base offense level of thirty-eight. The 135-month sentence is then reached by receiving the benefits of acceptance of responsibility (3 levels) and the safety valve (2 levels).

included the fact that he was involved in the transportation of more than 5 kilograms or more of cocaine. Doc. cr-184, p. 18. The exact amount of drugs to which he would be held accountable is a sentencing issue and is not part of the plea proceedings under Rule 11 of the Federal Rules of Criminal Procedure. The Court determined that the essential elements to support Saldrriaga-Palacio's guilty plea were met. At the conclusion of the proceedings, the Court made the specific finding that Saldrriaga-Palacio was:

> fully capable and competent of entering an informed plea; that [his] plea of guilty [is] knowing and [a] voluntary one[], supported by an essential basis in fact supporting all of the elements of the offenses.

Doc. cr-184, p. 21. Subsequently, the District Court accepted Saldrriaga-Palacio's guilty plea and adjudicated him guilty. Doc. cr-117. Saldrriaga-Palacio's guilty plea was entered knowingly and voluntarily, and he has waived any challenge to the facts of his plea, as well as any pre-plea ineffective assistance of counsel claims.

Therefore, Saldrriaga-Palacio's claims c and d are not cognizable on collateral attack.

Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective

standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690.  Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second-guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the  process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

**Conditional Plea - Ground a**

Saldrriaga-Palacio claims his counsel failed to inform him that he could have secured a written plea agreement that would have preserved his right to appeal the magistrate's order disqualifying his retained counsel, contending that he would not have pled guilty and would have insisted on going to trial had he known. Doc. cv-5, p. 8. More

specifically, he faults his counsel for not securing a "conditional" plea wherein he would

have reserved his right to challenge the Court's abuse of discretion in depriving him of his

Sixth Amendment right to "counsel of choice." Judge Pizzo made the following findings in

disqualifying Saldrriaga-Palacio's counsel for conflict:

> In *Wheat v. United States*, 486 U.S. 153, 160 (1988), the Supreme Court emphasized the Sixth Amendment does not give defendants unfettered choice of counsel. Instead, choice is "circumscribed in several important respects." A defendant cannot, for example, insist on an attorney he cannot afford, or not admitted to the bar, or that suffers from a conflict of interests. Moreover, district courts have an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Judges, therefore, must investigate potential conflicts of interests and independently "insure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment." *Id.* at 161. Carrying out this duty demands balancing the accused's Sixth Amendment right favoring his preferred counsel against "the institutional interest in the rendition of just verdicts in criminal cases. " *Id.* at 160. This institutional interest, where an actual conflict justifiably exists, trumps any waiver of conflict-free counsel a defendant proffers

> . . . . the Wheat Court recognized a trial judge must parse through these issues not "with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly." 486 U.S. at 162. A judge does not need direct evidence of a conflict before disqualifying counsel. *United States v. Register,* 182 F.3d 820, 830 (11 th Cir. 1999).

> The Court also recognized that in a similar case, *United States v. Padilla-Martinez,*

762 F.2d 942 (11th Cir. 1985):

> > another boat-case where retained attorneys showed up to represent indigent defendants after a magistrate judge had appointed counsel, the court unequivocally upheld the trial judge's refusal to admit the new attorneys based on waivers of conflict-free counsel:

> > > We do not conceive of how a trial court could ever be put in error for refusing entry into a case by an attorney who either refuses to or is unable to disclose the real party or parties who employed him and the interest he has been employed to

9

> protect. The attorneys' own inaction made it unlikely that the defendants could make a knowing and intelligent waiver of the right to conflict free representation.

*Id.* at 949.

Doc. cr-50, pp. 4-6. Therefore, in disqualifying Saldrriaga-Palacio's retained counsel, the Court concluded:

> Attorneys Kahn [Saldrriaga-Palacio's counsel], Davide, and Rabin [counsels for co-defendants] suffer from conflicts of interest given the manner they were retained. And, irrespective of any actual conflict that may exist, their appearance as counsel would cast doubt that the legal proceedings in here would "appear fair to all who observe them." *Wheat, supra.*

Doc. cr-50, p. 6.

Saldrriaga-Palacio did appeal the magistrate judge's order to the District Court as was his right pursuant to 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.). Doc. cr-52. The District Court, however, dismissed that appeal as moot upon Saldrriaga-Palacio entering his unconditional guilty plea prior to the resolution of this matter. Saldrriaga-Palacio did not challenge the dismissal further with the District Court or with the Eleventh Circuit. Doc. cr-140. The District Court, therefore, has never ruled on the merits of the disqualification order.

Rule 11(a)(2) of the Federal Rules of Criminal Procedure states the following regarding the entry of a conditional guilty plea:

> With the consent of the court and the Government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion.

In this case, the Government would not have offered or agreed to a conditional guilty plea, even if Saldrriaga-Palacio's counsel had sought one. Without the consent of the Government, a conditional guilty plea could not have been entered. See Fed.R.Crim.Proc. 11(a)(2). Saldrriaga-Palacio's counsel did appeal the magistrate judge's order; however, the Court did not rule on it prior to entry of Saldrriaga-Palacio's guilty plea and later denied the appeal as moot.

Saldrriaga-Palacio's claim that had he known he was waiving his right to appeal this issue he would have proceeded to trial instead of pleading guilty is without merit. Saldrriaga-Palacio offers no support for this allegation. He makes no claim of innocence. Further, if Saldrriaga-Palacio had proceeded to trial, he would have lost the benefit of a downward reduction at sentencing of three levels for acceptance of responsibility. The record is clear that Saldrriaga-Palacio's counsel acted in Saldrriaga-Palacio's best interest throughout all proceedings. Saldrriaga-Palacio has failed to demonstrate either prong of *Strickland* in his argument; thus, Saldrriaga-Palacio's claim must fail.

**Violation of Speedy Trial Act - Ground b**

Next, Saldrriaga-Palacio claims his counsel failed to move the Court to dismiss his indictment for violation of the Speedy Trial Act. Although Saldrriaga-Palacio acknowledges he entered a waiver of speedy trial through December, 31, 2004, and that the Court granted this waiver as well as a subsequent waiver; he claims at the minimum, the first waiver was invalid in light of the Supreme Court's ruling in *Zedner v. United States*, 126 S.Ct. 1976 (2006). *See* Doc. cv-5, pp. 11-12.

As discussed above, Saldrriaga-Palacio has waived any claims regarding preplea ineffectiveness such as failure to move to dismiss the indictment. However, even if

11

Saldrriaga-Palacio had not waived this argument, the argument has no merit. *Zedner* holds (1) that a prospective "for-all-time" waiver by a criminal defendant of his rights under the Speedy Trial Act is invalid, (2) that the defendant is not judicially estopped by this waiver from moving to dismiss his indictment as untimely, and (3) that the trial court's failure to make the express findings required by the Act for an "ends of justice" continuance is not harmless error. *Zedner* is not applicable in Saldrriaga-Palacio's case.

In this case, Saldrriaga-Palacio was initially arrested on February 11, 2004, on a complaint. An indictment was later filed on February 26, 2004. Docs. cr-1, cr-16, cr-27. At a status conference held on March 23, 2004, the Court granted Saldrriaga-Palacio's initial waiver of speedy trial through December 31, 2004, finding:

> . . . the ends of justice served by such continuance outweigh the best interest of the public and the defendant(s) in a speedy trial; this time is therefore, deemed excludable.

Doc. cr-34. On October 8, 2004, the Court orally granted another waiver of speedy trial made by Saldrriaga-Palacio, through March 31, 2005, again making an "ends of justice" finding. Doc. cr-79.

Neither of his two oral motions for waiver of the Speedy Trial Act were open-ended (or "for-all-time"). Each waiver was for a specific amount of time. In both instances, the Court found "the ends of justice served," and that the time was "deemed excludable." Therefore, the Court met the standards as set forth in *Zedner.*

Moreover, Saldrriaga-Palacio's clock for speedy trial began to run on March 17, 2004, the date of his arraignment. Doc. cr-29. See 18 U.S.C. § 3161(c)(1). On March 24, 2004, the Government filed a motion for a hearing regarding the source of attorney's fees and any potential conflict of interest. Doc. cr-48. On June 9, 2004, Judge Pizzo issued his

order, disqualifying Saldrriaga-Palacio's counsel. Doc. cr-50. On June 24, 2004, Saldrriaga-Palacio appealed this order with the District Court. Doc. cr-54. On January 18, 2005, Saldrriaga-Palacio entered his guilty plea. Doc. cr-112. The District Court later dismissed the appeal as moot, on June 10, 2005. Therefore, pursuant to 18 U.S.C. §§ 3161(h)(1)(e) and (f), the time from March 24, 2004, through June 9, 2004, and from June 24, 2004, through June 10, 2005, is all excludable from calculation of time for speedy trial.

Thus, there was no violation of the Speedy Trial Act, and counsel cannot be held ineffective for failing to raise a meritless issue.

**Objections to Presentence Investigation Report (PSR)**

Saldrriaga-Palacio further accuses his counsel of providing ineffective assistance when counsel failed to file any written objections to the PSR, specifically addressing the guideline enhancement for a firearm. Doc. cv-5, p. 8. Saldrriaga-Palacio is mistaken. His counsel did, in fact, file written objections. Doc. cr-137. Those objections included Saldrriaga-Palacio's role in the offense and his possession of a gun. Counsel addressed these objections with the Court at sentencing. Doc. cr-185.

**Drug Amount - Ground d**

Saldrriaga-Palacio claims his counsel rendered ineffective assistance when he failed to explain that under the sentencing guidelines, Saldrriaga-Palacio would be held accountable for the entire amount of drugs aboard the vessel. Saldrriaga-Palacio's argument is vague. If his argument relates to his entering a guilty plea, the Court informed him of his potential penalties and warned him he could not rely on any calculation that his counsel may have made previously. Therefore, as discussed above, Saldrriaga-Palacio's claim is meritless. However, if Saldrriaga-Palacio is claiming that counsel did not explain

13

the guidelines and the calculations as determined in the PSR, this claim also lacks merit. Saldrriaga-Palacio informed the Court at sentencing that he had read and discussed the PSR with his counsel prior to sentencing. Doc. cr-185, p. 6.

Therefore, Saldrriaga-Palacio's claim is meritless, and he is not entitled to relief on this ground.

## Gun Enhancement - Ground e

Regarding the objections to a gun enhancement, counsel informed the Court that he had discussed this objection with Saldrriaga-Palacio. Counsel believed Saldrriaga-Palacio wished to withdraw the objection, but before counsel actually withdrew the objection he asked the Court to inquire of Saldrriaga-Palacio directly for the record. The Court allowed a break in the proceedings for counsel to discuss the matter with Saldrriaga-Palacio. Counsel reviewed the ramifications of not withdrawing the objection, including the strong possibility Saldrriaga-Palacio would lose a three-level downward departure for acceptance of responsibility if the Government were to prove the gun enhancement was valid in open court. Saldrriaga-Palacio then agreed, in open court, when counsel stated it was in Saldrriaga-Palacio's best interest to withdraw his objection to an enhancement for possession of a gun. Doc. cr-185, pp. 9-15.

Therefore, Saldrriaga-Palacio's claims of receiving ineffective assistance of counsel are without merit.

## NO NEED FOR AN EVIDENTIARY HEARING

Saldrriaga-Palacio is not entitled to an evidentiary hearing. A defendant has the burden of establishing the need for an evidentiary hearing, *see Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his

14

allegations, if proved, would establish his right to collateral relief, *see Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002). "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal "[if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. foll. § 2255). Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted see *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Saldrriaga-Palacio has not established any basis for an evidentiary hearing because the issues he raises are defaulted and lack merit.

An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the factual allegations, if true, would meet both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991). In this instance, as set forth herein, Saldrriaga-Palacio has failed to meet both *Strickland* prongs; thus, no hearing is required.

Accordingly, the Court orders:

That Saldrriaga-Palacio's motion to vacate (Doc. cv-4; cr-216) is denied.  The Clerk is directed to enter judgment against Saldrriaga-Palacio in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Saldrriaga-Palacio is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Saldrriaga-Palacio "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Saldrriaga-Palacio has not made the requisite showing in these circumstances.

Finally, because Saldrriaga-Palacio is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 12, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  W. Stephen Muldrow
Wilder Arley Saldrriaga-Palacio